SEYFARTH SHAW LLP
Aaron Belzer, Esq. (State Bar No. 238901)
E-mail:  abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-9270

Attorneys for Defendant
Fidelity Workplace Services, LLC (incorrectly
identified as "Fidelity Investments")

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA|

### SACRAMENTO DIVISION

| | |
|---|---|
| DOLORES CONCEPCION, IN HER CAPACITY AS EXECUTRIX OF THE ESTATE OF NANCY TOBIAS, AS AN INTERESTED PARTY,<br><br>    Petitioner,<br><br> vs.<br><br>FIDELITY INVESTMENTS, and DOES 1-10,<br><br>    Respondent. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT (28 U.S.C. §§1331, 1441, 1446)**<br><br>[Solano County Superior Court Case No. P46824]<br><br>Petition Filed:  July 27, 2018 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Fidelity Workplace Services, LLC ("Fidelity") (incorrectly identified as "Fidelity Investments"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the State of California,

Superior Court of Solano County.  In support of its Notice of Removal, Fidelity states as follows:

**Background and Timeliness**

On June 29, 2018, Plaintiff Delores Concepcion ("Concepcion") in her capacity as Executrix of the Estate of Nancy Tobias, and as an interested party, commenced an action against Fidelity and fictitious co-Defendants Does 1-10 by filing a Petition in the Superior Court of Solano County, State of California  The action is recorded on that court's docket as P46824.

1.      Fidelity was served on July 10, 2018.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Notice of Hearing, Proof of Service and Plaintiff's petition, which constitute "all summons, pleadings, and orders" served upon Fidelity in the state court action, is attached hereto as Exhibit A.  Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

2.      In her petition, Concepcion alleges that she is the Executrix of the Estate of her deceased mother, Nancy Tobias, that she has sought payment of the decedent's "401(k) Account held at Fidelity" ("401(k) Alternate Payee Account") which was established for Nancy Tobias as an alternate payee pursuant to a Qualified Domestic Relations Order ("QDRO") as set for below, and that Fidelity has refused to transfer such account to the "proper repository."  (Ex. A, Compl. ¶¶ 1, 6, 9-10.) Plaintiff attaches as Exhibit A to her Petition a Qualified Domestic Relations Order ("QDRO") between Nancy Tobias and Daniel Tobias, stating that Nancy Tobias would receive a 50% interest in Daniel's 401(k) account under the United Airlines 401(k) Savings Plan (the "Plan") as of October 4, 2016. (Ex. A Compl. Ex. A.)  Plaintiff also attaches, as Exhibit B, a "Retirement Savings Statement" from the "United Airlines 401(k) Savings Plan," showing the 401(k) Alternate Payee Account to be worth $51,410.35 as of October 13, 2017. (Ex. A, Compl. Ex. B.)

3.     The Plaintiff further alleges that Fidelity willfully and with malice holds said account with no right, title or interest. (Ex. A, Compl. ¶ 11.)

4.     The claims in this case are, however, preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101, et seq. because the benefit Plaintiff seeks are provided pursuant to United Airline's ERISA-governed employee welfare benefit plan.

5.     Plaintiff does not identify co-Defendants Does 1-10, who are therefore "fictitiously named." As Fidelity is the only identified Defendant in existence, consent of the co-Defendants is not required for this matter to be removed.

**Plaintiff's Claim Is Preempted By ERISA And Removable.**

6.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.     This case is about whether Plaintiff has a legal right to 100% of the assets held in the 401(k) Alternate Payee Account even though under the terms of the Plan, each of Nancy's surviving child is entitled to an equal share . Although the petition is without any further detail, Plaintiff alleges that Fidelity  (which provides directed recordkeeping services to United Airlines with respect to the Plan)  "continues to willfully and with malice and oppression" withhold the assets in the 401(k) Alternate Payee Account  from the Plaintiff . As set forth above, the 401(K) Alternate Payee Account was established pursuant to a QDRO with respect to Daniel Tobias's account in the Plan which is sponsored and administered by his employer United Airlines, Inc. and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* A true and correct copy of the Plan is attached hereto as Exhibit B.  The Plan states that

> The Plan is intended to constitute…(2) a 404(c) plan (within the meaning of section 404(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA")) and (3) an "eligible individual account plan" (within the meaning of ERISA section 407(d)). (Ex. B. p. i.)

The Plan is intended to meet the requirements of section 404(c)(1) of ERISA…[and] section 404(c)(5) of ERISA. (Ex. B. p. 22.)

8.    ERISA provides an <u>exclusive</u> federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits, including the claims for retirement benefits alleged in the petition. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Fidelity HMO Inc. v. Moran*, 536 U.S. 355 (2002).

9.    As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

10.    A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where (as here) the petition does not on its face allege that it arises under ERISA. *See, e.g., Metropolitan Life Ins. Co.*, 481 U.S. at 65-66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court.") ("All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

11.    Because Plaintiff's action seeks benefits provided by the ERISA governed plan, these claims arise under federal law, specifically ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

12.    The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

## Venue and Notice

13.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

§ 1441(a).  Pursuant to 28 U.S.C. § 84(b), this Court embraces the Superior Court of Solano County, California.  Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

14.    Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for Superior Court of Solano County, California, as required by 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as Exhibit C.

15.    Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.  Therefore, the Court properly may exercise jurisdiction over this lawsuit.  28 U.S.C. §§ 1441(a).

16.    Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant submits that this action properly is removable based on both original and diversity jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the Eastern District of California. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: July 27, 2018                    SEYFARTH SHAW LLP


                                        By:   /s/ Aaron Belzer
                                           Aaron Belzer

                                        Attorneys for Defendant
                                        FIDELITY WORKPLACE SERVICES, LLC